# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br><br> Plaintiff <br><br> v. <br><br> P^2MG, LLC dba P2MG, LLC, MICHAEL NELSON and BAKEYAH NELSON <br><br> Defendants. | CAUSE NO.: 4:21-CV-894 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Philadelphia Indemnity Insurance Company ("PIIC" or the "Surety"), by and through counsel, respectfully submits its Original Complaint against the Defendants identified above and herein as follows:

### I. PARTIES

1. Philadelphia Indemnity Insurance Company is a Pennsylvania corporation, with it is principal place of business in Bala Cynwyd, Pennsylvania, and is authorized to do business in the State of Texas.

2. Upon information and belief, Defendant P^2MG, LLC dba P2MG, LLC ("P2MG") is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas. P2MG's manager is Michael Nelson, a resident of the State of Texas. P2MG may be served with process through its registered agent, Michael Nelson, 5450 NW Central Drive, Ste. 330, Houston, Texas 77092.

3. Upon information and belief, Defendant Michael Nelson is a citizen of the State of

Texas, who may be served with process at 16706 China Blue Ln., Cypress, Texas 77433.

4. Upon information and belief, Defendant Bekayah Nelson is a citizen of the State of Texas, who may be served with process at 16706 China Blue Ln., Cypress, Texas 77433.

## II. JURISDICTION AND VENUE

5. This Court possesses original jurisdiction over the Surety's claims under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter in controversy is between citizens of different states.

6. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 124(b)(7) and 28 U.S.C. § 1391(b)(1) because one or more of the Defendants reside in the Southern District of Texas, Houston Division, and all of the Defendants are residents/citizens of the State of Texas.

## III. FACTUAL ALLEGATIONS

### A. The Indemnity Agreement

7. On or about October 8, 2013, P2MG, Michael Nelson, and Bakeyah Nelson (collectively "Indemnitors" or "Defendants") executed the General Agreement of Indemnity attached hereto as **Exhibit "A"** on behalf of the Surety (the "Indemnity Agreement").

8. Under the Indemnity Agreement, the Indemnitors promised to exonerate, indemnify, and keep the Surety indemnified from and against all loss that the Surety has incurred or anticipates that it will incur by reason of issuing the Bonds. Specifically, pursuant to the Indemnity Agreement, the Indemnitors agreed as follows:

> . . . to indemnify and hold harmless Surety from and against any Loss sustained or incurred: (a) by reason of having executed or being requested to execute any and all Bonds; (b) by failure of Indemnitors or Principals to perform or comply with any of the covenants or conditions of this Agreement or any other agreement; and (c) in enforcing any of the covenants or conditions of this Agreement or any other agreement.

(***Exhibit "A"***, ¶ 3).

9. To the extent the Surety makes any payments under the Bonds, the Indemnitors further agree "to accept vouchers, a sworn itemization, or other evidence of such payments as prima facie evidence of the fact and extent of the liability of the Indemnitors to Surety in any demand, claim or suit by Surety against Indemnitors." (***Exhibit "A"***, ¶ 3).

10. Under the Indemnity Agreement, the joint and several duties and obligations of the Indemnitors extend to any bond issued on behalf of or at the request of any of the Indemnitors.

**B.    The Surety's Loss**

11. In reliance upon its rights under the Indemnity Agreement, the Surety issued payment bond number PB11358600015 (the "Bond") on behalf of P2MG, as principal, and the University of Texas at El Paso, as obligee for work in connection with the Kelly Hall 5th Floor project (the "Project").[1] Attached hereto as ***Exhibit "B"*** is a copy of the Bond.

12. After issuing the Bond, the Surety received a payment bond claim on the Bond from El Paso Arc Electric, Inc.("EPARC") which ultimately resulted in a lawsuit styled *El Paso ARC Electric, Inc. v. P2MG, LLC and Philadelphia Indemnity Insurance Company*, Cause No. 2018DCV1306 in the 41st District Court, El Paso County, Texas (the "Claim").

13. In accordance with its rights and obligations under the Bond, the Surety settled the Claim with the EPARC in the amount of $65,000.00.

14. Additionally, the Surety incurred $27,907.40 in reasonable attorneys' fees and expenses in furtherance of its investigation into and defense of the Claim. Accordingly, as of the date of this Complaint, the Surety has incurred losses, including expenses and attorney fees, in the

---

[1] The Surety also issued a performance bond on the Project, but this Complaint only addresses losses incurred to date on the payment bond issued for the Project. The Surety expressly reserves all rights with regard to losses incurred by way of the performance bond.

amount of $92,907.40 ("Incurred Loss").

15. By virtue of these claims, posting of collateral, and other obligations of the Indemnitors have been triggered under the Indemnity Agreement.

16. By letter dated January 6, 2021, attached hereto as **Exhibit "C"**, the Surety demanded that the Indemnitors jointly or severally make payment of $92,907.40, plus accrued interest, to the Surety, within seven (7) days of receipt of the letter, in order to indemnify and hold harmless the Surety from all losses on the Project.

17. Despite the Surety's demands, the Indemnitors have failed to deposit any funds with the Surety relative to the Claim on the Project in violation of the Indemnity Agreement.

18. As of the date of this filing, the Indemnitors refuse to do anything to hold the Surety harmless. Because the Indemnitors refuse to indemnify and hold harmless the Surety, the Surety will face imminent harm, irreparable injury and will have no adequate remedy at law with respect to reimbursement for any losses under the Bond.

19. All conditions precedent to recovery by the Surety from the Indemnitors have occurred or have been performed.

## IV.  CLAIMS FOR RELIEF

### COUNT I: *Breach of Indemnity Agreement*

20. The Surety hereby restates the averments contained in the foregoing Paragraphs of its Complaint as if fully set forth herein.

21. Indemnitors have failed, delayed, refused, or otherwise been unable to pay bills or other indebtedness incurred in connection with the Project for which the Bonds were issued. The Indemnitors failure has resulted in direct and indirect losses to the Surety.

22. Under Paragraph 3 of the Indemnity Agreement, the Indemnitors are obligated to

"indemnify and hold harmless Surety from and against any loss sustained or incurred."

23. To date, the Surety has incurred losses, including expenses and attorney fees, in the amount of $92,907.40.

24. Pursuant to Paragraph 3 of the Indemnity Agreement, the Surety has demanded that the Indemnitors indemnify the Surety by paying $92,907.40 to the Surety.

25. Despite the Surety's demand, the Indemnitors have failed and/or refused to indemnify and hold harmless the Surety from the Incurred Loss or to otherwise pay the Surety an amount sufficient to hold the Surety harmless from having issued the Bonds.

26. The failure of the Indemnitors to indemnify and hold harmless the Surety constitutes a breach of Paragraph 3 of the Indemnity Agreement and constitutes a Default under the Indemnity Agreement. The wrongful acts of the Indemnitors constitute independent breaches of the Indemnity Agreement.

27. Under the Indemnity Agreement, the Indemnitors are jointly and severally liable to the Surety for all of the Surety's loss and expense, including attorney's fees, in connection with claims on the Bonds.

28. The Surety is therefore entitled to payment by Indemnitors for all of the Surety's loss and expense resulting from issuance of the Bonds, including attorney fees incurred in bringing this action.

### COUNT II: *Recovery of Attorney Fees and Expenses*

29. The Surety hereby restates the averments contained in the foregoing Paragraphs of its Complaint as if fully set forth herein.

30. The Surety is entitled to recover its attorneys' fees and expenses incurred in enforcing the Indemnitors' joint and several obligations under the Indemnity Agreement.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Philadelphia Indemnity Insurance Company, respectfully requests that Defendants, P^2MG, LLC dba P2MG, LLC; Michael Nelson; and Bakeyah Nelson be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1. Judgment against Defendants, P^2MG, LLC dba P2MG, LLC; Michael Nelson; and Bakeyah Nelson, jointly and severally, in the amount of damages incurred by the Surety;

2. Judgment against Defendants, P^2MG, LLC dba P2MG, LLC; Michael Nelson; and Bakeyah Nelson, jointly and severally, for amounts necessary to exonerate the Surety from all liability asserted against it;

3. Pre-judgment and post judgment interest at the maximum permissible at law or in equity;

4. Attorneys' fees, expenses, and costs of court; and

5. Such other and further relief to which the Surety is justly entitled.

Respectfully submitted,

**KREBS FARLEY & DRY, PLLC**

By: */s/ Steven K. Cannon*
Ryan D. Dry
State Bar No. 24050532
Steven K. Cannon
State Bar No. 24086997
909 18th Street
Plano, TX 75074
(972) 737-2517 Telephone
(972) 737-2543 Facsimile
rdry@krebsfarley.com
scannon@krebsfarley.com

**ATTORNEYS FOR PHILADELPHIA INDEMNITY INSURANCE COMPANY**